NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
ROBERT S. TRISOTTO (Cal. SBN 314178)
Assistant United States Attorney
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6211
    Facsimile: (951) 276-6202
    Email: Robert.Trisotto@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 19-00151-DSF-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT CASSANDRA NICOLE GONZALES |
| v. | |
| JOSE LUIS CANALES, et al.,<br>(2) CASSANDRA NICOLE GONZALES,<br>Defendants. | Hearing Date: October 28, 2019<br>Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. Dale S.<br>             Fischer |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Robert S. Trisotto, files its sentencing position for defendant Cassandra Nicole Gonzales.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 7, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

   /s/
ROBERT S. TRISOTTO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Cassandra Nicole Gonzales ("defendant") transported five undocumented individuals in the United States for private financial gain. On April 24, 2019, defendant drove the five individuals to a parking lot in Fontana, California. She met two other individuals there in the middle of the night. Border Patrol Agents were present. Agents saw two of the five individuals get out of defendant's car and into another person's car. Border Patrol Agents approached and arrested defendant.

On September 13, 2019, the United States Probation Office filed its Presentence Report ("PSR") and Recommendation Letter. (ECF Nos. 148, 149.) The PSR determined that the total offense level under the United States Sentencing Guidelines (the "Guidelines") is 10, and that defendant's criminal history falls within category I, resulting in a Guidelines sentencing range of six to 12 months. (PSR ¶ 91.)

Based on the calculations set forth in the PSR, and the appropriate sentencing considerations under 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose the following sentence: (1) a six-month term of imprisonment; (2) a three-year period of supervised release; and (3) a $100 special assessment. A sentence of six months in prison is necessary to reflect the seriousness of the offense and to deter defendant and others from engaging in alien smuggling for financial gain.

**II. FACTUAL BACKGROUND**

At the time of entry of her guilty plea, defendant admitted to the following facts under her plea agreement (ECF No. 87 ¶ 9):

On or about April 24, 2019, defendant drove five aliens -- A.C.V., M.P.G., L.P.A., E.O.F., and R.L.M. (collectively, the "Smuggled Aliens") -- to a parking lot in Fontana, California. Defendant met Individual 1 and Individual 2 in the parking lot at approximately 11:30 p.m.

In the parking lot, Individual 1 approached the passenger door of defendant's car, asked for two of the five Smuggled Aliens by name, and after two of the Smuggled Aliens stepped out of the car, Individual 1 transferred them to Individual 2's car. At approximately 12:30 a.m. on April 25, 2019, Border Patrol Agents approached defendant and the Smuggled Aliens in the parking lot.

Defendant knew the Smuggled Aliens were not lawfully present in the United States. Defendant transported the Smuggled Aliens in order to help them remain in the United States illegally. Defendant transported the Smuggled Aliens in the middle of the night and instructed the Smuggled Aliens to conceal themselves while being transported. Defendant took these steps in an effort to avoid detection by immigration authorities. Defendant was being paid for transporting the Smuggled Aliens.

///
///

**III. THE PRESENTENCE INVESTIGATION REPORT**

On September 13, 2019, the U.S. Probation Office disclosed the PSR to the parties and issued its Recommendation Letter. (ECF Nos. 148, 149.)

**A.   Offense level**

In the PSR, the Probation Officer concluded that the appropriate offense level is 10. The Probation Officer's offense level calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level : | 12 | [U.S.S.G. § 2L1.1(a)(3)] |
| Acceptance of Responsibility : | -2 | [U.S.S.G. § 3E1.1(a)] |
| TOTAL : | 10 | |

(PSR ¶¶ 33-42.)

**B.   Criminal History Category**

The PSR concluded that defendant is in Criminal History Category I because defendant's criminal history score is zero. (PSR ¶ 48.)

**C.   Probation Office's recommended sentence**

In its Recommendation Letter, the Probation Office recommended a sentence of six months' imprisonment, which is at the low end of the Guidelines range it set forth in that letter. (ECF No. 148 at 1.) The Probation Office also recommended three years of supervised release, all fines waived, and a $100 special assessment. (*Id.* at 1.)

**IV. THE GOVERNMENT'S POSITION ON THE PRESENTENCE REPORT AND RECOMMENDATION LETTER**

The government concurs with the guidelines calculations and criminal history computation set forth in the PSR.

**V. THE GOVERNMENT'S RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS**

The government recommends a sentence at the low end of the guidelines range (six months' imprisonment), three years of supervised release, and a $100 special assessment.

**A. Nature, circumstances, and seriousness of the offense**

The nature of the offense should not be minimized -- alien smuggling is a form of human trafficking, and is serious and dangerous. Here, defendant knowingly transported five undocumented individuals within the United States for private financial gain. Activities of this kind are inherently dangerous because there is a strong disincentive among those being smuggled to involve the authorities in the event of misconduct or abuse, and because of the significant power disparity between the smuggler and those being smuggled. Also, defendant's conduct undermines our country's system of lawful and regulated immigration. Defendant's actions should be punished and deterred.

**B. Defendant's history and characteristics**

Defendant's history and characteristics support a six-month period of imprisonment. Defendant accepted responsibility for her actions early in this case. In doing so, she saved the government significant resources in not having to prepare her case for trial. She admitted her criminal conduct early, and pled guilty to one count of Transporting Illegal Aliens for Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii)), (a)(1)(B)(i). (ECF No. 87.) Additionally, defendant does not have any prior criminal convictions but does have two pending misdemeanor charges. (PSR ¶¶ 47-51.) Moreover, according to defendant, she committed the

instant offense during a time when she was using methamphetamine (March to May 2019) with a new group of friends -- the same group of friends she committed the instant offense with on April 24, 2019. (PSR ¶ 69.)

Defendant's early acceptance of responsibility, together with her lack of criminal history points and former use of methamphetamine, leads the government to believe that the sentence recommended by the Probation Officer properly incorporates defendant's history and characteristics and trajectory in turning away from crime and toward lawful pursuits. These circumstances justify the low-end recommendation the government and probation are recommending.

**C. Need to promote respect for the law, to provide adequate deterrence, and to protect the public**

Defendant should receive a meaningful prison term given the offense of conviction and number of undocumented individuals she was transporting. A sentence of six-months' imprisonment would adequately instill in defendant a respect for the law and sufficiently deter her from transporting undocumented individuals in the future, once she is released from prison. A six-month period of imprisonment will impress upon defendant the seriousness of her crime and will give defendant ample time to reconsider her actions in light of the consequences.

**D. Need to avoid unwarranted sentencing disparities**

Finally, the court's sentence should seek to minimize sentencing disparities among similarly situated defendants. Using the correctly calculated sentencing guidelines as a starting point for sentencing helps accomplish this goal. *See, e.g., United States v. Treadwell*,

593 F.3d 990, 1011-12 (9th Cir. 2010).  Since the government's requested sentence is within the applicable guidelines range, such a sentence would avoid unwarranted sentencing disparities among similarly-situated defendants.

**VI.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of six months' imprisonment, three years of supervised release, and a $100 special assessment.

# CERTIFICATE OF SERVICE

I, **REBECCA EVANS,** declare:

That I am a citizen of the United States and resident or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, CA 92501; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**GOVERNMENT'S SENTENCING POSITION REGRDING DEFENDANT CASSANDRA NICOLE GONZALES**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand-delivery addressed as follows:

[ x ] By electronic email as follows:

**USPO CRISTINA TORRES**
**United States Probation Office**
**Cristina_torres@cacp.uscourts.gov**

This Certificate is executed on **October 7, 2019**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

/s/
_____
**REBECCA EVANS**